IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Donald Franklin, | ) | C/A No.: 3:20-4480-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Morgan Properties Corp.; Mitchell Morgan; Jonathan Morgan; Jason Morgan; TJ (Torrance) Norman; Christine Wallace; and Kylee Rooney, | ) ) ) ) ) ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) | |
| | ) | |

Keith Donald Franklin ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Morgan Properties Corp., Mitchell Morgan, Jonathan Morgan, Jason Morgan, TJ (Torrance) Norman, Christine Wallace, and Kylee Rooney (collectively "Defendants") seeking damages. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges discrimination and retaliation in violation of 42 U.S.C. §§ 12101, et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Age Discrimination in Employment Act,

29 U.S.C. §§ 621 et seq. ("ADEA").. [ECF No. 1 at 5]. He sues his employer as well as six of its employees.

II.     Discussion

    A.     Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

Plaintiff has alleged causes of action pursuant to Title VII, the ADA, and the ADEA. Individuals are not subject to suit under these statutes. *See Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title

VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (finding that Title VII, the ADA, and the ADEA do not provide causes of action against defendants in their individual capacities). Therefore, Mitchell Morgan, Jonathan Morgan, Jason Morgan, TJ (Torrance) Norman, Christine Wallace, and Kylee Rooney are subject to summary dismissal in this case.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 29, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will

3

recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

March 8, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

4