IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Donald Franklin, | ) | C/A No.: 3:22-737-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Morgan Properties Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant. Under Local Civ. Rule 73.02(B)(2)(e) (D.S.C), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On March 8, 2022, the court allowed Plaintiff an opportunity to bring his case into proper form for initial review. [ECF No. 7]. Plaintiff has now substantially complied with the court's order and this case is now in proper form for service.

TO THE CLERK OF COURT:

The Clerk is further directed to issue the summons and to forward copies of this order, the summons, the amended complaint [ECF No. 10], and the Form USM-285 to the United States Marshal for service of process. The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summonses are issued. *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review).

TO THE UNITED STATES MARSHAL:

The United States Marshal shall serve the complaint on the defendants. The time limit to accomplish service is governed by Rule 4(m) of the Fed. R. Civ. P. The 90-day limit established by Rule 4(m) will not run during the initial review of this case; therefore, the 90 days begins on the date on which the summonses are issued.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). If the information provided by Plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

TO DEFENDANT:

Defendant is directed to file an answer to the complaint or otherwise plead.

TO PLAINTIFF:

Plaintiff must provide, and is responsible for, information sufficient to identify the defendants on the Forms USM-285 and the summons. The United States Marshal cannot serve an inadequately identified defendant. Unserved defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this order.

Pursuant to Fed. R. Civ. P. 5, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to defendants' attorney making an appearance in this court, Plaintiff must serve defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

IT IS SO ORDERED.

March 29, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge