IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Donald Franklin, | ) | C/A No.: 3:22-737-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Morgan Properties Payroll | ) | |
| Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Keith Donald Franklin ("Plaintiff") alleges his former employer Morgan Properties Payroll Services, Inc. ("Defendant"), discriminated and retaliated against him based on his race and disabilities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. §§ 12101, *et seq.* ("ADA"). [ECF No. 10].[1] Plaintiff, proceeding pro se, originally filed this suit on March 7, 2022.

This matter comes before the court on Defendant's motion to compel, in which it argues Plaintiff has failed to provide adequate responses to its First Set of Interrogatories and First Request for Production.. [ECF No. 37]. Plaintiff failed to file a response to Defendant's motion and the time to do so has passed. Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e)

---

[1] Plaintiff also asserted claims based on age-based discrimination and retaliation, but those claims have been dismissed. [*See* ECF Nos. 34, 39].

(D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned grants Defendant's motion in part.

I.      Relevant Factual Background

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2021, in which he checked the boxes asserting discrimination based on race, retaliation, and disability and provided the following information:

> I have been employed by Respondent since October 2019. I held the position of Lease Agent. In October 2020, Respondent employed a new Area Vice President (Black). He is replacing white employees with black employees. In September 2020, I informed Respondent of a disability and had my first surgery. In January 2021, I had my second surgery. My third surgery was scheduled for November 18, 2021. On June 6, 2021 I filed a complain[t] with the Respondent and addressed my disability. On August 13, 2021, I was discharged.

> The reason given to me by the Property Manager for my discharge was that I was aggressive to the Regional Manager, violation of company agreement and insubordination.

> I believe that I was discriminated against because of my race (White) in violation of Title VII of the Civil Rights Act of 1964, as amended, and my disability, in violation of the Americans with Disabilities Act of 1990, as amended and discharged in retaliation for complaining of a protected activity in violation of the same act.

[ECF No. 25-1 at 1].

Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production on June 13, 2022. [ECF No. 37-1]. Plaintiff served his responses via hand delivery on July 13, 2022. [ECF No. 37-2, ECF No. 37-3].

On July 22, 2022, Defendant sent a letter to Plaintiff identifying various deficiencies in Plaintiff's discovery responses. [ECF No. 37-4]. Defendant represents that Plaintiff failed to reply to the letter or cure the deficiencies. [*See* ECF No. 37 at 2].

On August 8, 2022, Defendant filed a motion for status conference to resolve the issue. [ECF No. 30]. The court issued a text order the next day as follows:

> [T]he court notes that although Defendant has not yet filed a motion to compel, it appears Plaintiff is not participating in discovery. Plaintiff is warned that failure to timely respond to the discovery may result in any and all objections being deemed waived under Fed. R. Civ. P. 33(b)(4). Additionally, Plaintiff is advised that failure to meaningfully cooperate in discovery may result in a recommendation that this case be dismissed for failure to participate in discovery and/or sanctions, including payment of Defendant's attorneys' fees and costs in preparing such motions.

[ECF No. 31].

On August 10, 2022, Defendant again wrote to Plaintiff concerning the deficient discovery responses. [ECF No. 37-5]. Defendant represents that as of September 1, 2022, the date that Defendant filed the instant motion to

compel, Plaintiff had not responded to the Defendant's letter or supplemented his discovery responses. [ECF No. 37 at 3].

II.    Discussion

   A.    Legal Standard

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . ." Here, Plaintiff, as the party resisting discovery, has the burden to establish that the information is not relevant or proportional to the needs of the case. *See, e.g., Waters v. Stewart*, C/A No. 4:15-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017).

Fed. R. Civ. P. 37 defines the sanctions a court may levy on a party who refuses to cooperate in discovery. Rule 37(d) provides that a court may order sanctions, including dismissal, if a party, after being properly served with interrogatories or requests for production fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A), (d)(3); *see also* Fed. R. Civ. P. 37(a)(5)(A) ("If the Motion [to Compel] Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

4

expenses incurred in making the motion, including attorney's fees . . . . [unless] other circumstances make an award of expenses unjust.").

B.     Analysis

1.     First Set of Interrogatories

Defendant served the following Interrogatory No. 1:

Please identify, as defined above, the names and addresses of any persons who have personal knowledge of any facts upon which Plaintiff intends to rely to support any of his allegations against Defendant or answers to these Interrogatories, summarize, with specificity, the knowledge each individual possesses concerning how Defendant discriminated or retaliated against or harmed Plaintiff in any way as alleged in the Complaint, and indicate, for each individual, whether or not written or recorded statements have been taken from these individuals and indicate who has possession of such statements.

[ECF No. 37-1 at 6].

Plaintiff identified multiple individuals, but also stated in part that other information

will be shared and proven through eyewitness testimonies, as needed throughout the case and/or trial, all of which are being withheld due to reasons of direct relevance with the preparation and strategy of the Plaintiff in regards to the case and trial.

[ECF No. 37-2 at 5; *see also id.* at 7 ("Partial documentation is provided while additional documentation in possession of the Plaintiff will be withheld due to direct relevance to the strategy and preparation of the Plaintiff concerning the case and trial . . . . Partial information regarding Torrance Norman, will remain withheld due to the direct relevance of the preparation and strategy

of the Plaintiff . . . ."); *id.* at 10–11 ("Plaintiff finds reason to partially refuse all Interrogatories as objectionable due to the large increase of both past and present employees of Defendant . . . .")].

Defendant's motion to compel as to Interrogatory No. 1 is granted, as Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . ." Plaintiff has failed to carry his burden to show that the information sought is privileged, irrelevant, or overbroad. Plaintiff is directed to amend his response to this interrogatory, answering it in full.

Defendant also served Interrogatory No. 3, seeking information concerning Plaintiff's disabilities and the ways in which his disabilities impact his major life activities. [ECF No. 37-1 at 6–7]. Plaintiff responded in part as follows:

> See attached items, documentation, and pictures along with the entire history of visits and interaction posted in the MyChart portal of the Plaintiff. All notes were not printed but will be available as needed throughout the case and trial.

[ECF No. 37-2 at 17].

Defendant's motion to compel as to Interrogatory No. 3 is granted for the same reasons as stated above regarding Interrogatory No. 1. Plaintiff is

directed to provide the remaining relevant documents and amend his response to this interrogatory to indicate he has done so.

Defendant's Interrogatory Nos. 6–12 seek specific information related to Plaintiff's allegations of discrimination, harassment, and retaliation on the basis of his race, age, and disability. [ECF No. 37-1 at 7–9]. Plaintiff responded to these interrogatories collectively, providing the following in part:

> The Plaintiff will be prepared to prove this in trial through former and current employees, executives, and managers as witnesses to be withheld at this time due to many of them either being still employed by the company or still employed within the industry . . . .

> Any further documentation or explanation will be withheld do to the direct relevance to the preparation and strategy of the Plaintiff regarding the case and trail in addition to the decision of the Plaintiff to utilize each witness as needed while preserving their current Job security either as employees of the Defendant or within the closely connected industry . . . .

> The Plaintiff is prepared to produce all documentation at his discretion as described and as needed throughout the case and primarily the trial as all documentation in totality as described, of which the Defendant has access to already including every document from inception that was enforced and/or communicated under an illegal agreement, has now become directly relevant to the preparation and strategy of the Plaintiff in regards to the case and trial . . . .

[ECF No. 37-2 at 22–24].

Defendant's motion to compel as to Interrogatory Nos. 6, 8–9, and 11–12 is granted.[2] Fed. R. Civ. P. 33(b)(3) require that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Defendant is entitled to relevant, non-privileged, proportional responses to its discovery requests. Accordingly, Plaintiff is directed to respond in full to Defendant's Interrogatory Nos. 6, 8–9, and 11–12 individually.[3]

Defendant's Interrogatory Nos. 15–17 seek specific information about Plaintiff's work history, attempts to obtain work since leaving Defendant's employment, and income since leaving Defendant's employment. [ECF No. 37-1 at 9–10]. Plaintiff responded to these interrogatories collectively and states in part "Plaintiff has elected to refuse and find objectionable any information" requested in these interrogatories beyond the information he has already provided. [ECF No. 37-2 at 26–27].

Defendant's motion to compel as to Interrogatory Nos. 15–17 is granted. Each of these interrogatories is a proper request for information directly relevant to the case. They seek information that is necessary to

---

[2] Defendant's motion to compel as to Interrogatory Nos. 7 and 10 is denied where these interrogatories seek information concerning Plaintiff's now-dismissed claims.

[3] To the extent that Plaintiff asserts he is in possession of relevant, privileged documents, he is required to produce a privilege log sufficient for Defendant to assess his claim of privilege. *See* Fed. R. Civ. P. 26(b)(5)(a).

assess Defendant's potential damages and to prepare a defense of this case. Accordingly, Plaintiff is directed to respond in full to Defendant's Interrogatory Nos. 15–17 individually.

2.    First Request for Production

In Plaintiff's general response to Defendant's First Request for Production, he states in part that he "has elected to provide partial documentation." [ECF No. 37-3 at 3]. As indicated above, Plaintiff is directed to provide all relevant, non-privileged documentation in response to Defendant's First Request for Production.

Turning to Defendant's more specific argument, Defendant's Request for Production Nos. 2–4 seek documents that evidenced Plaintiff's request for an accommodation under the ADA and that Defendant discriminated against Plaintiff based on his disability. [ECF No. 37-1 at 16]. In response, Plaintiff states the requests are "objection due to overbroad." [ECF No. 37-3 at 4]. For the reasons already stated, Defendant's Request for Production Nos. 2–4 is granted. Plaintiff is directed to produce any documents that are responsive to these requests and amend his responses to indicate which documents are responsive to these requests. If Plaintiff has no responsive documents, his response should so indicate.

Defendant's Request for Production No. 5 requests: "All documents or documentation that support the contention that Defendant harassed Plaintiff

because of his disability." [ECF No. 37-1 at 16]. In response, Plaintiff refers to his interrogatories, but does not indicate if he has produced responsive documents. [ECF No. 37-3 at 4]. Defendant's Request for Production No. 5 is granted. Plaintiff is directed to produce any documents that are responsive to this request and amend his response to indicate which documents are responsive to this request. If Plaintiff has no responsive documents, his response should so indicate.

Defendant's Request for Production Nos. 6–9 seek documents that Plaintiff contends support his allegations that Defendant discriminated against and harassed him due to his race and age. [ECF No. 37-1 at 16]. In response to each of these requests, Plaintiff states in substance as follows: "This is information the Defendant is in possession of and of which the Plaintiff has included with his REQUESTS TO PRODUCE from the Defendant following 1–28." [ECF No. 37-3 at 4–5].

Defendant's Requests for Production Nos. 6–7, concerning Plaintiff's race-based claims, are granted.[4] Plaintiff's responses are non-responsive and do not indicate if he is in possession of relevant documentation. Plaintiff is directed to produce any documents that are responsive to these requests and amend his response to indicate which documents are responsive to each

---

[4] Defendant's motion to compel as to Request for Production Nos. 8–9 is denied where these seek documents concerning Plaintiff's now-dismissed claims.

request. If Plaintiff has no responsive documents, his response should so indicate.

Defendant's Requests for Production Nos. 10–14, 16, 26, and 28 seek specific documentation regarding Plaintiff's employment and Plaintiff's claims of discrimination and retaliation, as well as documentation Plaintiff relied on in answering Defendant's interrogatories. [ECF No. 37-1 at 16–19]. In response to each of these requests, Plaintiff indicates that he has provided "partial documentation." [ECF No. 37-3 at 5–11]. For the reasons already stated, Defendant's motion to compel as to Request for Production Nos. 10–14, 16, 26, and 28 is granted. Plaintiff is directed to produce any documents that are responsive to these requests and amend his responses to indicate which documents are responsive to these requests. If Plaintiff has no responsive documents, his response should so indicate.

Defendant's Request for Production No. 22 provides as follows:

> All documents or documentation relating to Plaintiff's income for 2018 through the present (including, but not limited to, Plaintiff's Federal and State Income Tax returns, W-2 forms, payroll check stubs, unemployment and workers' compensation benefits, state or federal welfare income, and disability benefits) relating to the amount and source of income or other earnings.

[ECF No. 37-1 at 18]. Plaintiff response is as follows:

> Partially objectionable as Defendant has equal access to the majority of the request during the time in which the Plaintiff was employed by the Defendant. Furthermore, the surrounding time is objectionable due to being irrelevant.

11

[ECF No. 37-3 at 9].

Plaintiff has failed to carry his burden indicating that the requested documentation is irrelevant and does not, as argued by Defendant, go "directly to the issue of Franklin's alleged damages." [ECF No. 37 at 11]. As further argued by Defendant, "while Defendant does have some documentation as to the amount it paid Franklin during his employment with Defendant, it does not have access to his tax records and other documentation during that time frame which, again, are directly relevant to the issue of damages." *Id.* Defendant's motion to compel as to the Request for Production No. 22 is granted.

For similar reasons, Defendant's motion to compel as to Requests for Production Nos. 23 and 24 is granted. As to the former, Defendant seeks documentation concerning damages sought by Plaintiff. [ECF No. 37-1 at 18–19]. In response, Plaintiff indicates the damages he seeks are "to be determined." [ECF No. 37-3 at 10]. As to the latter, Defendant seeks documentation concerning any medical treatment Plaintiff has received based on Defendant's alleged conduct that has not already been disclosed. [ECF No. 37-1 at 19]. In response, Plaintiff refers to his response to Request for Production No. 23. [ECF No. 37-3 at 10]. These responses are insufficient. Plaintiff is directed to produce any documents that are responsive to these

requests and amend his responses to indicate which documents are responsive to these requests. If Plaintiff has no responsive documents, his response should so indicate.

III.    Conclusion

For the foregoing reasons, the undersigned grants Defendant's motion to compel as to the claims that remain in this case. [ECF No. 37].  Plaintiff is directed to provide complete responses to Defendant's First Set of Interrogatories and First Request for Production as outlined in this order no later than October 11, 2022. Plaintiff failure to comply with the court's order may result in a recommendation that this case be dismissed for failure to participate in discovery and/or sanctions, including payment of Defendant's attorneys' fees and costs in preparing the instant motion to compel.

IT IS SO ORDERED.

September 27, 2022                              Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge